UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:01 CR 528 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carlton Robinson, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 35). For the reasons that follow, the motion is DENIED.

On November 20, 2001, petitioner was charged in a two-count indictment. Count One charged a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm; Count Two charged a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), Possession with Intent to Distribute Cocaine. Petitioner pled guilty to both counts of the indictment.

The defendant's Presentence Investigation Report identified two predicate offenses for purposes of the Career Offender enhancement under U.S.S.G. § 4B1.1: (1) Robbery in violation of Ohio Rev. Code § 2911.02, and (2) Preparation of Drugs for Sale in violation of Ohio Rev.

Code § 2925.07(A). On May 1, 2002, this Court found that petitioner qualified as a career offender, which escalated his Base Offense Level from 32 to 37. At the time of his sentencing, petitioner received a three-level reduction for acceptance of responsibility, making his final sentencing level 34 and putting him in a Criminal History Category VI. This Court sentenced him to 262 months followed by five years supervised release.

Petitioner appealed his conviction, and the Sixth Circuit affirmed on November 14, 2003. He then filed a petition for writ of certiorari with the Supreme Court, which was denied on March 22, 2004. The current motion is petitioner's first motion to vacate his sentence under 28 U.S.C.§ 2255.

In his motion, petitioner argues that the Supreme Court's decision in *Johnson v. United States*, __ U.S. __ 135 S. Ct. 2551 (2015), invalidates his sentence. In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(2)(B) ("the ACCA"). The ACCA imposes a heightened mandatory minimum sentence for a person who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony." The residual clause of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that ... otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* In *Johnson,* the Court held this provision void for vagueness.

Petitioner argues that under *Johnson*, his Ohio robbery conviction is not a crime of violence under the Guidelines because it only qualifies as such under the residual clause of the Guidelines' definition of "violent felony," which is identical to the residual clause in the ACCA. *See* U.S.S.G. § 4B1.2(a)(2). Petitioner argues that *Johnson* applies retroactively on collateral

2

review to the Guidelines. This Court, however, recently held in *Carson v. United States*, 5:15 CV 2224, 5:11 CR 145 (May 6, 2016), that the rule announced in *Johnson* is a non-watershed procedural rule as applied to the residual clause of the Guidelines and therefore does not apply retroactively to cases on collateral review.

Moreover, even if *Johnson* is retroactive in this context, the Court finds that petitioner's robbery conviction qualifies as a predicate offense because it meets the Guideline's definition of crime of violence under the "elements clause." Under this clause, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a crime of violence. U.S.S.G. § 4B1.2(a).

At the time of petitioner's 1996 offense, Ohio Revised Code § 2911.02 defined robbery as:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm to another;
> (3) Use or threaten the immediate use of force against another.

Ohio Rev. Code Ann. § 2911.02.

If a prior conviction is for violating a "divisible statute," which is a statute that sets out one or more elements of the offense in the alternative, the court uses the "modified categorical approach" to identify which element formed the basis of the defendant's conviction. *United States v. Descamps*, 133 S.Ct. 2776, 2287 (2013). Under this approach, the court may "consult a limited class of documents" to determine which alternative in the statute gave rise to the conviction and whether that conviction qualifies as a crime of violence. *Id.* at 2281. When the

prior conviction resulted from a guilty plea, the court looks to documents that identify what facts the defendant "necessarily admitted" by pleading guilty. *United States v. Mitchell*, 743 F.3d 1054, 1063, 1065 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 158 (2014). These documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254 (2005).

Here, the indictment for petitioner's robbery offense charged that the petitioner "in attempting or committing a theft offense as defined in § 2913.01 of the Revised Code or fleeing immediately after such attempt or offense against First Nationwide Bank did use or threaten immediate use of force against another, to wit: Modest Muravin." (Gov.'s Br., Ex. 1). Petitioner pled guilty to this charge, and the journal entry sentencing him states:

> The defendant herein having, on a former day of court entered a plea of guilty to robbery, ORC 2911.02 AF-2 as charged in Count 1, was this day in open court with his/her counsel present.
>
> Thereupon, the Court inquired of the said defendant if he/she had anything to say why judgment should not be pronounced against him/her; and having nothing but what he/she had already said and showing no good and sufficient cause why judgment should not be pronounced.

(Gov.'s Br., Ex. 2). The parties agree that these documents make it clear that petitioner was convicted under Ohio Rev. Code § 2911.02(A)(3) (effective July 1, 1983).[1]

The Sixth Circuit, in *United States v. Mansur*, considered whether the defendant's 1988 conviction of attempted robbery qualified as a crime of violence under the elements clause of the

---

[1] Petitioner originally argued in his motion that "[t]here is ambiguity as to which sub-section of robbery [petitioner] was convicted." (Pet.'s Mot. at 4). However, in his Reply, petitioner agrees that the relevant provision is § 2911.02(A)(3). (Pet.'s Reply at 19).

4

ACCA. 375 Fed. Appx. 458 (6th Cir. 2010). The relevant robbery provision at issue was the same as the one at issue in this case: "no person in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another." The court noted that the Ohio Revised Code defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing" and that Ohio courts had interpreted that the type of force "envisioned by the force prong of the Ohio robbery statute was 'that which poses actual or potential harm to a person.'" *Id.* at 464 n.8 (citations omitted). It held that this provision therefore "clearly has an element the use, attempted use, or threatened use of physical force against another person." *Id.* (noting that the court's decision was consistent with the Supreme Court's holding in *Johnson v. United States*, 130 S. Ct. 1265 (2010), which defined physical force for purposes of the elements clause to mean violent force). For the same reasons, petitioner's Ohio robbery conviction qualifies as a crime of violence under the elements clause of the Guidelines and therefore was a valid predicate offense for purposes of the career offender enhancement.

Thus, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 35) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 5/23/16